FILED
COURT OF APPEALS
DIVISION II

2014 MAR 19 AM 8:49

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| JULIE A. RICCIARDI, | No. 44904-8-II |
| Respondent, | |
| v. | |
| JONATHAN RICCIARDI, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, A.C.J. — Jonathan Ricciardi appeals from the trial court's denial of his motion to dismiss Julie Ricciardi's petition for a domestic violence protection order, arguing that the court lacked jurisdiction over him. We agree and reverse and dismiss the protection order.[1]

Jonathan[2] committed acts of domestic violence against Julie in Oregon, which resulted in him receiving a 44-month prison sentence. After moving to Washington, Julie petitioned for a domestic violence protection order against Jonathan, describing acts of domestic violence he committed in Oregon. Jonathan appeared through counsel at the hearing on the petition. He moved to dismiss the petition for lack of personal jurisdiction because he had committed no acts of domestic violence in Washington and had not communicated with Julie since she moved to

---

[1] A commissioner of this court initially considered Jonathan's appeal as a motion on the merits under RAP 18.14 and then transferred it to a panel of judges.

[2] For clarity, we refer to the parties by their first names, intending no disrespect.

Washington. Julie confirmed that Jonathan had not committed any acts of domestic violence against her and had not communicated with her since she moved to Washington. The court denied Jonathan's motion to dismiss, finding that Julie "has, as a result of domestic violence that occurred in the State of Oregon, moved to the State of Washington in large part to protect herself and that she should be granted an opportunity to get an order for protection here." Report of Proceedings at 8-9.

The trial court concluded that it had personal jurisdiction over Jonathan under RCW 26.50.240 which provides,

> (1) In a proceeding in which a petition for an order for protection under this chapter is sought, a court of this state may exercise personal jurisdiction over a nonresident individual if:
>     . . . .
>     (d)(i) The act or acts of the individual or the individual's agent giving rise to the petition or enforcement of an order for protection occurred outside this state and are part of an ongoing pattern of domestic violence or stalking that has an adverse effect on the petitioner or a member of the petitioner's family or household and the petitioner resides in this state; or
>     (ii) As a result of acts of domestic violence or stalking, the petitioner or a member of the petitioner's family or household has sought safety or protection in this state and currently resides in this state.

However, RCW 26.50.240(2) provides,

> For jurisdiction to be exercised under subsection (1)(d)(i) or (ii) of this section, the individual must have communicated with the petitioner or a member of the petitioner's family, directly or indirectly, or made known a threat to the safety of the petitioner or member of the petitioner's family while the petitioner or family member resides in this state. For the purposes of subsection (1)(d)(i) or (ii) of this section, "communicated or made known" includes, but is not limited to, through the mail, telephonically, or a posting on an electronic communication site or medium. Communication on any electronic medium that is generally available to any individual residing in the state shall be sufficient to exercise jurisdiction under subsection (1)(d)(i) or (ii) of this section.

Since Julie moved to Washington, Jonathan has not communicated with her or a member of her family, and has not made known a threat to her safety or the safety of a member of her

No. 44904-8-II

family. Thus, under RCW 26.50.240(2), the trial court erred in exercising jurisdiction over Jonathan under RCW 26.50.240(1)(d). We reverse and dismiss the domestic violence protection order for lack of personal jurisdiction over Jonathan.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, A.C.J.

We concur:

HUNT, J.

LEE, J.